IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ANTHONY FRANK STEWART, :
:
Plaintiff, :
: CIVIL ACTION FILE
VS. : NO. 1:06-CV-157 (WLS)
:
JAMIL SABA, DAN HAGGERTY, and :
PEGGY CHESTER, :
:
Defendants. :

# RECOMMENDATION

This is a Title 42 U.S.C. § 1983 action brought by a former inmate/detainee at the Dougherty County, Georgia Jail who is proceeding *pro se*. His complaint involves two separate periods of incarceration at that facility, specifically February 25, 2006, through April 17, 2006, and November 4, 2006, through December 25, 2006. Plaintiff, a diabetic who also suffers from hypertension, complains that the care he received while incarcerated at the jail was inadequate to the point of constituting deliberate indifference to a serious medical condition(s) and was therefore in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He further alleges that the inadequate medical care he received during the first period of incarceration ultimately led to the amputation of one of his toes. (R. at 1, complaint).

Defendant Saba is the Sheriff of Dougherty County, Georgia and thus has overall responsibility for the county jail. Defendant Haggerty is a ranking administrator at the jail and Defendant Chester is the Health Service Administrator at the jail, employed by a private contract health provider. All defendants are represented by the same defense counsel. On September 19, 2007, Defendant Chester filed her motion for summary judgment herein accompanied by certain

supporting documents. (R. at 13). On that same date Defendants Saba and Haggerty filed a joint motion for summary judgment also accompanied by supporting documents. (R. at 16).

Before addressing the merits of defendants' motions certain observations are appropriate. Contained within this court's order granting plaintiff's motion to proceed *in forma pauperis* and directing service of the complaint were instructions to the plaintiff that it was his responsibility to diligently prosecute his claim or face the possibility of its dismissal pursuant to Federal Rule of Civil Procedure 41(b). (R. at 4). A review of the electronic docket/record in this case leads to the inescapable conclusion that plaintiff has failed miserably in this respect. It appears that plaintiff his done nothing more in this case than to file his complaint. This court gave the required order and notice of the filing of the defendants' motions on September 20, 2007 (R. at 21). That order advised the plaintiff of the increased chance he was taking on having the motions granted should he fail to respond in opposition to the motions. No response has been filed on behalf of plaintiff. It thus appears that the last activity undertaken by the plaintiff in this case was the filing of his complaint on November 28, 2006. (R. at ). Although not raised by the defendants, it appears that plaintiff's complaint is ripe for dismissal under Federal Rule of Civil Procedure 41(b) for his failure to diligently prosecute his case.

A thorough review of plaintiff's complaint reveals that plaintiff has made no allegations of constitutional violations by any of the named defendants. They are named only in the caption and in paragraph 9 of the complaint wherein plaintiff is required to provide the names and addresses of the defendants. Unfortunately, this fact appears to have been overlooked by the undersigned when conducting the initial § 1915A(b)(1) frivolity review. In the absence of any specific allegations of constitutional wrongdoing by the defendants, and further, because one

defendants is the county sheriff with overall responsibility for the jail, another is one of his ranking jail administrators, and the last is the Health Services Administrator for the jail, it seems clear that if plaintiff's complaint sounds in any theory of recovery against these defendants it sounds in *respondeat superior.* However, "[i]t is axiomatic, in section 1983 actions, that liability must be based on something more that a theory of *respondeat superior.* Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906, F.2d 667, 671 (11th Cir. 1990)(internal citations omitted). Here there are no allegations of personal participation on the part of any defendant nor any allegations of a causal connection between the actions of any of the defendants and the alleged constitutional deprivation. As with the failure to prosecute, had this issue been raised in either a motion to dismiss or in the motions for summary judgment, those motions would have been granted on this ground.

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by

3

presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991)

*Local Rule 56*

Local Rule 56 provides in pertinent part that, "[t]he respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. <u>All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate</u>." (Emphasis added).

Here plaintiff has failed to controvert defendants' statements of material fact as to which there is no issue. The only evidence before the court on any issue is that presented by the defendants. The only portions of the statements of material facts as to which there is no genuine issue which are inappropriate are those relying on the purported affidavit of Carmen Williams, M.D. This document is not signed nor sworn to and therefore may not be considered by the court to be evidence.

The evidence presented by the defendants; plaintiff's medical records, the affidavit of defendant Chester, and the statements of material facts as to which there is no genuine issue make abundantly clear the fact that the defendant was not the victim of deliberate indifference while incarcerated at the Dougherty County Jail on either occasion. He received regular, almost

daily treatment for his diabetes during both incarcerations except for those occasions on which he elected to refuse treatment. His swollen foot was also regularly treated, even including taking him to the local hospital for x-rays and to have his gunshot wound, with which he presented on the second period of incarceration, treated as needed . It is also abundantly clear that individuals other than these defendants are the one responsible for providing this defendant with what appears to be good and proper medical treatment and care.

"At no point during either one of Mr. Stewart's incarcerations during 2006 at the Dougherty County Jail, did I participate in the evaluation or treatment of Mr. Stewart wherein his diabetic or lower extremity issues were addressed." (R. at 13, Stmt. of Mat. Facts, Chester, # 45). There is absolutely no evidence of record showing that defendants Saba or Haggerty had anything to do with plaintiff's medical treatment or that they even knew he had medicial problems. The evidence being uncontroverted that there is no genuine issue of material fact, the defendants have shown that they are entitled to the entry of summary judgment. It is therefore the RECOMMENDATION of the undersigned that both motions for summary judgment be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 15th day of May 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE